# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
KORELLIS ROOFING, INC.,    )
                           )
          Plaintiff,       )
                           )   Cause No. 2:17-CV-212
     vs.                   )
                           )
NORTH CROSS ROOFING &      )
WATERPROOFING, INC.,       )
                           )
          Defendant.       )
```

## OPINION AND ORDER

This matter is before the Court on North Cross Roofing & Waterproofing, Inc.'s Motion to Dismiss Counts II and III of the First Amended Complaint Under Fed. R. Civ. P. 12(b)(6), filed by Defendant, North Cross Roofing & Waterproofing, Inc., on August 2, 2017 (DE #20). For the reasons stated below, the Motion (DE #20) is **GRANTED** and Counts II and III of the First Amended Complaint are **DISMISSED WITH PREJUDICE**. Count I remains pending.

BACKGROUND

Plaintiff, Korellis Roofing, Inc. ("Korellis"), filed its first amended complaint against Defendant, North Cross Roofing & Waterproofing, Inc. ("Northcross"), on July 19, 2017 (DE #16). Plaintiff asserts claims for breach of contract (Count I), conversion (Count II), and treble damages (Count III).

In the instant motion to dismiss, Northcross moves to dismiss

the counts for conversion and treble damages, arguing Korellis has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Northcross contends that the claim for conversion fails because Korellis cannot establish that Northcross retained any of its property, that the crux of the complaint is a breached contract, and that the related claim for treble damages pursuant to the Indiana criminal conversion statute therefore also fails. (DE #21.) In response, Korellis argues that it has properly stated a claim for conversion because it has alleged that Northcross accepted a specific sum on behalf of Korellis, and then wrongfully refused to give that sum to Korellis. (DE #24.) This motion is fully briefed and ready for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft*

2

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Undisputed Facts

Northcross was a contractor for a construction project at Ruler Foods in Merrillville, Indiana. (First Am. Compl. ¶ 7.) Northcross contracted with the owner, David S. Israel and/or Learsi & Co. ("Israel"), for the Ruler Foods Project. (*Id.* ¶¶ 8,9.)

The Ruler Foods Project included replacement of the entire roof. (*Id.* ¶ 10.) Northcross could not complete the roofing work. (*Id.* ¶ 11.) So, Northcross retained a portion of the roofing work, but sought a subcontractor for approximately half of the roof. (*Id.* ¶ 12.)

Northcross contacted Korellis regarding Korellis serving as a subcontractor to complete a portion of the roofing work for the

Ruler Foods store. (*Id.* ¶ 13.) Korellis submitted a Proposal to Northcross for a Partial TPO Roof Replacement. (*Id.* ¶ 14.) Per the Proposal, Korellis offered to provide the labor, materials, equipment and supervision necessary to complete a partial roof replacement at Ruler Foods in exchange for payment of $84,530 to be paid within thirty days of the invoice. (*Id.* ¶ 15.) Northcross accepted Korellis' proposal. (*Id.* ¶ 16.)

Korellis alleges that it completed its work and all of its obligations, issued an invoice demanding payment, but that Northcross refused to pay Korellis. (*Id.* ¶¶ 17, 34-35.) Korellis also claims that Israel, the owner of the property, paid Korellis for the Ruler Foods construction project for the roofing work performed by both Korellis and Northcross. (*Id.* ¶ 18.) The first amended complaint alleges that "David S. Israel and/or Learsi & Co. specifically entrusted the Defendant with $85,590.09 that was to be paid to and belonged to the Plaintiff." (*Id.* ¶ 19.) In other words, the first amended complaint alleges that Northcross took possession of and asserted control over the funds belonging to Korellis, and that Northcross refused to transfer the funds to Korellis. (*Id.* ¶¶ 19, 22-23.)

Korellis contends that Northcross breached the parties' contract, is guilty of conversion, and claims it is entitled to treble damages pursuant to the Indiana criminal conversion statute.

Conversion

The crux of Northcross' argument is that Korellis really only has a claim for breach of contract for failure to pay a debt, and Korellis has improperly repackaged that claim into an attempt at a conversion claim for the potential of treble damages. In response, Korellis insists it has stated a plausible claim for conversion because Northcross accepted specific funds on behalf of Korellis, and then retained those funds for its own benefit.

Under Indiana Code § 35-43-4-3, "[a] person commits criminal conversion when he 'knowingly or intentionally exerts unauthorized control over property of another person.'" *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004) (quoting Ind. Code § 35-43-4-3). Money may be the subject of a conversion claim if it is "a determinate sum for which the defendant was entrusted to apply to a certain purpose." *Id.* (quoting *Huff v. Biomet, Inc.*, 654 N.E.2d 830, 836 (Ind. Ct. App. 1995)).

However, Indiana law has held that "where there is simply the refusal to pay a debt no action for conversion will lie." *National Fleet Supply, Inc. v. Fairchild*, 450 N.E.2d 1015, 1019 (Ind. Ct. App. 1983), *overruled on other grounds; see also Huff v. Biomet*, 654 N.E.2d 830, 836 (Ind. Ct. App. 1995), *abrogated on other grounds* ("[t]he refusal to pay a debt will generally not support a conversion action.").

Moreover, Northcross is correct that Korellis cannot restyle

5

a breach-of-contract claim as a tort simply to obtain additional damages. *French-Tex Cleaners, Inc. v. Cafaro Co.*, 893 N.E.2d 1156, 1167 (Ind. Ct. App. 2008). As the Court in *French-Tex* reasoned, "[w]here, as here, . . . the source of [the] duty toward [plaintiff] arises from contract, then tort law should not interfere. As we have previously noted, the Indiana legislature did not intend to criminalize bona fide contract disputes." *Id.* at 1168-69 (quotation and citations omitted). "The question is not whether [the plaintiffs] have, as we assume, adequately pled their tort claims, but, rather, whether [the defendant] is alleged to have done anything that constituted an independent tort if there were no contract." *JPMCC 2006-CIBC14 Eads Parkway, LLC v. DBL Axel*, LLC, 977 N.E.2d 354, 364 (Ind. Ct. App. 2012) (quoting *Koehlinger v. State Lottery Comm'n of Indiana*, 933 N.E. 534, 542 (Ind. Ct. App. 2010)). "To the extent that a plaintiff's interests have been invaded beyond mere failure to fulfill contractual obligations, a tort remedy should be available." *Greg Allen Constr. Co. v. Estelle*, 798 NE.2d 171, 173 (Ind. 2003).

This case seems like a garden variety breach of contract dispute between a contractor and a subcontractor. Korellis has not alleged any acts independent of the underlying contract dispute that could reasonably be construed as a separate and independent tort of conversion. Indeed, in this case, Northcross had a contract with the owner (First. Am. Compl. ¶ 18), and Korellis had a

separate sub-contract with Northcross (*Id.* ¶¶ 12-16). In other words, the owner was obligated to pay Northcross under one contract, which was separate and distinct from the sub-contract entered into between Northcross and Korellis. Therefore, Korellis' attempt to re-characterize the relationship as the owner entrusting Northcross with money owed to Korellis fails. Rather, this case is similar to *Tobin*, where a law firm's refusal to pay a lawyer his share of retained earnings was found to be a mere failure to pay a debt, and not actionable as conversion. *Tobin*, 819 N.E.2d at 89. Here, the facts alleged do not plausibly support a claim for criminal conversion as contoured by the Indiana courts. Consequently, Counts II and III are dismissed. *See, e.g., ArcAngelo, Inc. v. Directbuy, Inc.*, No. 3:13-cv-104-PPS/CAN, 2013 WL 6095678, at *7-8(N.D. Ind. Nov. 20, 2013) (dismissing conversion claim where case really involved a contract dispute).

CONCLUSION

For the reasons set forth above, North Cross Roofing & Waterproofing, Inc.'s Motion to Dismiss Counts II and III of the First Amended Complaint Under Fed. R. Civ. P. 12(b)(6) (DE #20), is **GRANTED** and Counts II and III of the First Amended Complaint are **DISMISSED WITH PREJUDICE**. Count I remains pending.

**DATED: October 4, 2017**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**